IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATH WHITT, #222 052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-24-WHA |
| | ) | |
| WARDEN MCCLAIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

A 42 U.S.C. § 1983 action has been filed by a person alleging a violation of his civil rights during his incarceration in a state correctional facility. The Magistrate Judge has reviewed the complaint and determined that this pleading cannot be processed properly and effectively without further additional information from Defendants. Accordingly, it is hereby

ORDERED that:

1. Defendants undertake a review of the subject matter of the complaint to: (a) ascertain the relevant facts and circumstances; (b) consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and (c) determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

2. **On or before February 25, 2019**, a written report be filed by Defendants and a copy served upon Plaintiff. This report must contain the affidavits or sworn statements of all Defendants having personal knowledge of the subject matter of the complaint, and, where appropriate and not merely cumulative, should also contain affidavits or sworn statements from any other correctional/medical personnel with personal knowledge of the subject matter of the complaint.

3. All defenses including immunity defenses must be set forth in the written report or such defenses may be waived. Authorization is hereby granted to Defendants to interview all witnesses who agree to such action, including Plaintiff. Whenever relevant, copies of dental, medical, and/or psychiatric records shall be attached to the written report. Defendants shall submit only those /medical records relevant to the claims raised in the instant complaint and such documents shall be presented to the court in chronological order. Where Plaintiff's claim or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief.

4. If Defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance or administrative procedure available to Plaintiff and/or the manner in which Plaintiff failed to exhaust a grievance or administrative procedure. If Plaintiff failed to undertake the available grievance or administrative procedure during his confinement at the institutional facility and such procedure is no longer available to him, Defendants shall so advise the court. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2006) (failure of exhaustion is an affirmative defense which must be raised by the Defendant); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative

2

remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

5. Defendants file an answer **on or before February 25, 2019**.

6. No motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court.  If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.  However, an exception to seeking leave from this court regarding dispositive motions exists for motions to dismiss filed by Plaintiff in which Plaintiff seeks dismissal of the case, claims or Defendants prior to entry of a Recommendation addressing any matter raised in the dispositive motion.

7.  Plaintiff shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address. In so doing, Plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to counsel for Defendants or, if no attorney has appeared on behalf of Defendants, Defendants.  Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.  Plaintiff shall also diligently prosecute this action or face the possibility it will be dismissed for failure to prosecute. *See* Rule 41(b), *Federal Rules of Civil Procedure.*

8.  <u>NOTICE TO PLAINTIFF</u>.

(a)  The *Federal Rules of Civil Procedure* require that Plaintiff mail to counsel for Defendants or, if no attorney has appeared on behalf of Defendants, Defendants, a true copy of anything which he sends to the court.  Failure to do so may result in dismissal of this case or other penalties.  Anything filed should contain a certificate of service which specifically states that the

3

pleading has been sent to counsel for Defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

      (b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

      (c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by Plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

      (d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure*. The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

    Plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action must be contained in the title of the motion to warrant consideration by the court.

      (e) All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil*

pleading has been sent to counsel for Defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

    (b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

    (c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by Plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

    (d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure*. The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

  Plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action must be contained in the title of the motion to warrant consideration by the court.

    (e) All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil*

*Procedure*, no amendment to a complaint will be accepted by the court for filing unless accompanied by a motion for leave to amend.

(f) All amendments to the complaint and/or motions to amend must be filed within twenty (20) days of the Defendants filing their special report and the allegations contained therein must relate to the facts made the basis of the instant complaint. Proposed amendments or motions to amend filed after this date will be considered untimely. Any such amendments or motions which contain claims unrelated to the claims presented in the complaint will not be considered by the court.

(g) Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h) It is the responsibility of Plaintiff to furnish the clerk's office with accurate addresses for the defendant(s) whom plaintiff wishes to serve. Without accurate addresses, service of process is impossible. It is also the responsibility of Plaintiff to monitor this case to make sure that the persons whom he wishes to sue have been served. If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

Plaintiff is specifically CAUTIONED that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by Plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to furnish a copy of this order to Plaintiff and a copy of this order together with a copy of the complaint and any and all attachments Defendants, to

General Counsel for the Alabama Department of Corrections, to the Attorney General for the State of Alabama.

Done, this 14th day of January 2019.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE